UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARCHELLO CHANTEZ MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-2555-JDT-cgc |
| | ) | |
| VS. | ) | |
| | ) | |
| ANTONIO TREVINO GRAY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARCHELLO CHANTEZ MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-2556-JDT-cgc |
| | ) | |
| VS. | ) | |
| | ) | |
| SHELIA ALFORD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARCHELLO CHANTEZ MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-2557-JDT-cgc |
| | ) | |
| VS. | ) | |
| | ) | |
| DARRIN HOLLINS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER CONSOLIDATING CASES, SETTING ASIDE ORDERS ASSESSING FILING
FEES IN CASE NUMBERS 15-2556 AND 15-2557, DISMISSING COMPLAINTS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 21, 2015, *pro se* Plaintiff Marchello Chantez Moore ("Moore"), prisoner number 27052-076, who was, at the time, a pre-trial detainee at the West Tennessee Detention Facility ("WTDF") in Memphis, Tennessee,[1] filed three separate form complaints pursuant to 42 U.S.C. § 1983, accompanied by a single motion to proceed *in forma pauperis*. The Clerk docketed the complaints as case numbers 15-2555-JDT-cgc, 15-2556-JDT-cgc and 15-2557-JDT-cgc. The Court issued orders in each case on August 24, 2015, granting leave to proceed *in forma pauperis* and assessing separate civil filing fees pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). However, on September 10, 2015, the Clerk received a letter from Moore in which he stated that his intent was to file only one case instead of three separate cases and requested that two of the fee assessments be set aside.

Although Moore did not make his intent clear when he initially filed the separate complaint forms, the Court finds the cases should be considered together. Therefore, case numbers 15-2555, 15-2556 and 15-2557 are hereby CONSOLIDATED.[2] The orders assessing separate civil filing fees in case numbers 15-2556 and 15-2557 are SET ASIDE.

---

[1] The Clerk received a letter from Plaintiff on February 24, 2016, in which he stated that **Error! Main Document Only.**he was in transit, having left the WTDF on February 2, 2016, and that he would notify the Court of his new address once he reached his final prison assignment. (*Id.*) Almost four months have now passed since Plaintiff left the WTDF, but he has not submitted any further change of address.

[2] The Defendants listed in case number 15-2555 are Antonio Trevino Gray, a Sergeant with the Memphis Police Department ("MPD"); the MPD; and the City of Memphis. The MPD is not a separate entity that is suable apart from the City of Memphis; therefore, any claims against the MPD are construed as claims against the City. In case number 15-2556, the named Defendants are Shelia Alford, a cashier at a Family Dollar store on Knight Arnold Road in Memphis; and Family Dollar, Inc. Case number 15-2557 names as Defendants Darrin Hollins and Crystal Russell, tellers at a First Tennessee Bank branch on Kirby Center Cove in Memphis; and First Tennessee Bank.

I. Pending Motions[3]

Moore filed a motion to amend and join parties on October 13, 2015, seeking to add the U.S. Attorney's Office for the Western District of Tennessee as a defendant. Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff is entitled to amend once as a matter of course. Therefore, the motion to amend is GRANTED. The Clerk is directed to record the U.S. Attorney's Office as an additional Defendant.

On September 8, 2015, Moore filed a motion asking the Court to provide him with two issued but blank subpoenas so that he could subpoena the transcripts of both his May 2014 preliminary hearing in state court and his July 2015 suppression hearing in federal court. He also filed a "Motion of Discovery" on October 19, 2015, asking that the Defendants be required to produce various documents. On November 5, 2015, he filed a motion to issue and effect service on the Defendants. Because these cases are being dismissed, these three motions are DENIED as moot.

Moore filed a motion for appointment of counsel on October 22, 2015. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th

---

[3] The motions to issue subpoenas, to appoint counsel, to issue and effect service of process and to proceed *in forma pauperis* were docketed in all three cases because they reference all three case numbers. However, the motion to join parties and amend pleadings and the motion for discovery included only two of the case numbers and so were docketed only in case numbers 15-2555 and 15-2556.

Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same). Moore has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Therefore, the motion for appointment of counsel is DENIED.

On January 29, 2016, Moore filed another motion to proceed *in forma pauperis*. That motion is DENIED as moot, as the Court previously granted pauper status and assessed the filing fees in these cases.

## II. The Complaints

By way of background, on August 28, 2014, a federal grand jury indicted Moore for robbery affecting interstate commerce in violation of 18 U.S.C. § 1951; using, carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); bank robbery in violation of 18 U.S.C. § 2113(a); and possessing a firearm after prior conviction of a felony, in violation of 18 U.S.C. § 922(g). *United States v. Moore*, No. 14-20219-SHL. The § 1951 and § 924(c) charges arose out of the March 30, 2014 robbery of the Family Dollar Store where Defendant Alford worked. The bank robbery charge stemmed from the April 7, 2014 robbery of

the First Tennessee Bank branch where Defendants Hollins and Russell were employed. Moore entered a guilty plea to these § 1951, § 924(c) and § 2113 charges on September 29, 2015; he was sentenced to a 120-month term of imprisonment on January 8, 2016. His direct appeal is pending in the Sixth Circuit. *See* No. 16-5114 (6th Cir. docketed Feb. 1, 2016).

Moore alleges that Defendant Sheila Alford initially told investigators she saw the robbery suspect flee the scene in a Chevy Tahoe. (No. 15-2556, ECF No. 1 at 2.) However, Defendant Sgt. Gray met Sheila Alford at her home on April 10, 2014, and allegedly coerced her to say she saw a Dodge Durango, not a Chevy Tahoe. (*Id.*; *see also* No. 15-2555, ECF No. 1 at 2.) Gray also showed Alford a photo line-up that allegedly was impermissibly suggestive and told her that he had a suspect who was included in the photo line-up. (No. 15-2555, ECF No. 1 at 2; No. 15-2556, ECF No. 1 at 2-3.) Moore alleges that Alford then gave a statement on May 2, 2014, saying she saw a Dodge Durango. (No. 15-2556, ECF No. 1 at 2.) Alford later testified at both Moore's state-court preliminary hearing[4] on May 13, 2014, and at his federal-court suppression hearing on July 28, 2015, that Gray told her to say she saw a Dodge Durango, not a Chevy Tahoe at the crime scene. (No. 15-2555, ECF No. 1 at 2; No. 15-2556, ECF No. 1 at 2.)

Moore further alleges that Defendants Hollins and Russell were first shown photo line-ups on April 7, 2014, but were unable to identify Moore as the perpetrator in the bank robbery. He further alleges that Defendant Gray showed Hollins and Russell another photo line-up on April 15, 2014, which was impermissibly suggestive and that, as a result, Hollins and Russell made a false positive identification of Moore. (No. 15-2557, ECF No. 1 at 2.)

With regard to the Defendant U.S. Attorney's Office, Moore alleges that in February 2016 Special U.S. Attorney Charles W. Summers, who is not a named party, knowingly

---

[4] It appears that Moore was first charged in state court, but those charges were later dismissed in favor of the federal prosecution.

5

presented Defendant Gray's perjured and uncorroborated testimony to obtain a superseding indictment.[5] He alleges the U.S. Attorney's Office is responsible for malicious prosecution and misleading the grand jury.

Moore alleges that the actions of all of the Defendants resulted in the violation of his right to due process of law, and he seeks compensatory and punitive damages.

III. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they

---

[5] A superseding indictment, which added charges stemming from two additional robberies, was returned on April 16, 2015. Following Moore's guilty plea, those charges were dismissed at sentencing.

must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*,

518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Moore filed his complaints on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaints contains no factual allegations whatsoever against Defendants Family Dollar, Inc. or First Tennessee Bank. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Defendants Alford, Hollins and Russell are private parties. Moore does not allege that these individuals are employed by local, state or federal government. Generally, to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

While Moore alleges that Defendants Alford, Hollins and Russell "acted in concert" with Defendant Gray to falsely identify Moore as the perpetrator of the robberies, these allegations are merely conclusory. The fact that Alford allegedly "changed" her testimony after meeting with Gray[6] and the fact that Alford, Hollins and Russell identified Moore after a second photo line-up does not reasonably suggest these Defendants' conduct can be construed as "state action." Furthermore, witnesses in a criminal case are absolutely immune from money damages under 42

---

[6] Moore's does not allege that Alford actually "changed" her testimony. He alleges only that she testified that she originally said she saw a Chevy Tahoe, but Gray told her to say it was a Dodge Durango.

9

U.S.C. § 1983 for claims arising from the witnesses' testimony, even if that testimony is false. *Briscoe v. LaHue*, 460 U.S. 325, 330-34 (1983).

A local governmental entity, such as a city or county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city [or county] itself is the wrongdoer." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992). *See also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 726-29 (1989) (discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (rejecting simple vicarious liability for municipalities under § 1983); *City of St. Louis v. Praprotnik*, 458 U.S. 112, 122 (1988) (interpreting rejection of *respondeat superior* liability by *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (same); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing *Pembaur*).

In this case, it is clear from the complaint that Moore relies entirely on the fact that Memphis officers participated in his arrest, his criminal investigation, and his prosecution as the basis for his claim that the City of Memphis violated his civil rights. None of the facts alleged supports an inference that Moore was harmed by an unconstitutional custom or policy of the City of Memphis.

Moore's claims against the United States Attorney's Office for malicious prosecution and misleading the grand jury are construed as an attempt to assert a cause of action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1974). *Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

However, Moore cannot sue the United States or the U.S. Attorney's Office under *Bivens*. "Absent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). "[T]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States cannot be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity must be clear and unequivocally expressed. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992).

The United States has not waived its immunity to suits asserting *Bivens* claims. *See Fagan v. Luttrell*, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) (*Bivens* claims against the United States barred by sovereign immunity); *Miller v. Fed. Bur. of Investigation*, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) (sovereign immunity precludes a *Bivens* action for damages against a federal agency); *Lundstrum v. Lyng*, 954 F.2d 1142, 1146

(6th Cir. 1991) ("A *Bivens* action may not be maintained against the United States."). Sovereign immunity also bars *Bivens* actions against the United States or its agencies for declaratory and injunctive relief. *Wolverton v. United States*, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); *United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir. 1991).

Moore also has no claim under 42 U.S.C. § 1983 arising out of the allegations that Defendant Gray used impermissibly suggestive photo line-ups that caused Moore to be falsely identified and that he coerced Alford to change her testimony. As the Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Schilling v. White*, 58 F.3d 1081, 1086 (1995) (footnotes omitted). The same principle applies to federal convictions.

> The rationale of *Heck* applies equally to claims against federal officials in Bivens actions. The "bodies of law relating to the two forms of litigation [ 42 U.S.C. § 1983 and *Bivens*] have been assimilated in most . . . respects." *Doe v. District of Columbia*, 697 F.2d 1115, 1123 (D.C. Cir. 1983). *Heck* does not rest on statutory language, legislative history, comity, or any other consideration unique to actions under 42 U.S.C. § 1983. It rests instead on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor. [512 U.S. at 483-87]. In these respects

12

> there is no basis for distinguishing the statutory cause of action against state officers and the judicially-devised cause of action against federal officials. We therefore join the other courts of appeals that have addressed the issue, and hold that *Heck* applies to *Bivens* actions. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam); *Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995) (per curiam); *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994) (per curiam). Because he was found guilty and because the verdicts have not been set aside, Williams cannot recover damages for the actions of those who allegedly brought about his convictions.

*Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996). *Accord Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1986) (applying *Heck* to *Bivens* action against, *inter alia*, United States Probation Officer). *See also Warth v. Self*, No. 94-5569, 1994 WL 657090 (6th Cir. Nov. 21, 1994) (federal prisoner "must prove that the criminal proceedings terminated in his favor, in order to avoid two conflicting resolutions arising out of the same transaction," following *Heck*).

Here, *Heck* applies to bar Moore's claims arising from his criminal prosecution, as a judgment in favor of Moore in these civil cases would necessarily imply that his conviction was unconstitutional. Moore's direct appeal is currently pending; therefore, his conviction has not been overturned. Moore must have his conviction overturned on direct appeal or via collateral attack before any claims can accrue.

For all of the foregoing reasons, Moore's complaints are subject to dismissal in their entirety for failure to state a claim on which relief can be granted.

## IV. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, because the deficiencies in Moore's complaint cannot be cured, leave to amend is not warranted.

V. Conclusion

The Court DISMISSES Moore's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED because the deficiencies in Moore's complaint cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Moore in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that

lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Moore would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Moore nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Moore is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Moore, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.[7] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[7] Because Moore stated these cases were not intended to be filed separately, the Court will assess only one strike instead of three separate strikes.